UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TRUSTEES OF THE HOLLOW METAL     :
PENSION FUND     :
    :
    Plaintiff,     :
    :
    - against -     :
    :
MORRIS FINE FURNITURE     :
WORK SHOPS INC.     :
    :
    Defendant.     :
    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  November  4, 2013 |

13 Civ. 1660 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Trustees of the Hollow Metal Pension Fund (the "Trustees") brings this action against Defendant Morris Fine Furniture Work Shops Inc. ("Morris") under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act (ERISA) as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), asserting that Morris is delinquent in making contributions to an employee benefit plan.  Defendant moves to stay the action pending arbitration under the Federal Arbitration Act ("FAA") based on an arbitration clause in the collective bargaining agreement (the "CBA") between Morris and Local 3127 of the United Brotherhood of Carpenters and Joiners of America (the "Union"). Defendant argues: (1) the Trustees are successors in interest of the Local 3127 Pension Fund (the "Pension Fund") and are bound by the arbitration clause; and (2) based on their prior use of the arbitration clause, the Trustees are estopped from arguing they are not bound by it.

For the reasons set forth below, Defendant's motion to compel arbitration is denied.

## FACTS

The Trustees seek the sum of $87,309.40 pursuant to the CBA between Morris and the Union.  Morris and the Union are the only named parties to the CBA (Morris Dec. Ex. F at 1 & 11).  The CBA requires Morris to make contributions to the Local 3127 Pension Fund.  (Morris Dec. Ex. F at 5.)   The CBA contains an arbitration clause in paragraph "Twentieth" which states that

> all complaints, disputes or grievances arising between the parties of this Agreement . . . shall be presented by the party asserting a grievance to the other party.  Both parties shall thereupon attempt to adjust the dispute and, if no adjustment can be reached between them within forty-eight (48) hours, the dispute shall be submitted for arbitration to an Arbitrator appointed by the New York State Employment Relations Board.

(Morris Dec. Ex. F at 8-9.)

The Local 3127 Pension Fund was established as a multiemployer benefit fund, pursuant to Section 302(c) of the LMRA.  (Sandy Decl. Ex. B at Preamble.)  The terms of the trust agreement establishing the Pension Fund (the "Trust Agreement") provide that the Trustees have the authority to collect contributions from employers through any manner the Trustees deem proper, including initiating action in federal district court.  (Sandy Decl. Ex. B at Art. V § 3(f); Art. VII §§ 2, 3, 8.)  Article V of the Trust Agreement empowers the Pension Fund, as a fiduciary to the parties, with the role of collecting contributions, setting investment policies, maintaining pension assets, and other responsibilities.  The Pension Fund is administered by a Board of Trustees comprised of an equal number of employer-appointed and Union-appointed trustees, and includes a trust comprised of participating employers' contributions to the Local

3127 Pension Fund.  (Sandy Decl. Ex. B at First, Second, and Third "Whereas" clauses; Article I, §§ 5, 7, 9, 13-14; Article II, §§ 1-2.)

## DISCUSSION

The *sine qua non* of arbitration under the FAA is an agreement between the parties to arbitrate.  9 U.S.C. §§ 2, 4; *Genesco, Inc. v. Kakiuchi & Co., Ltd.* , 815 F.2d 840, 844-46 (2d Cir. 1987).  Trustees of employee benefit funds are not required to arbitrate pension fund collection claims under an arbitration clause of a collective bargaining agreement unless there is specific evidence of intent to bind them to arbitration.  *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 372-73 (1984).

The CBA and Trust Agreement at issue in this case do not evidence such intent.   In *Schneider*, the arbitration clause in the collective bargaining agreement only applied to the "Company and the Union or any employee of the Company," and the trustees of the pension fund had broad authority under the trust agreement to initiate "any legal proceedings [that they] in their discretion deem[ed] in the best interest of the Fund to effectuate the collection or preservation of contributions." 466 U.S at 373-74.  The Supreme Court held that these provisions indicated no intent to subject the trustees to the arbitration clause, and the trustees were free to bring their claims in federal court.  *Id.* at 376.  Similarly, the CBA in this case is solely between the Union and Defendant, not the Pension Fund, and the arbitration clause applies only to disputes concerning the CBA "between the *parties* of this Agreement." (Morris Dec. Ex. F at 8-9.) (emphasis added)  The Trust Agreement provides that the Trustees have the authority to collect contributions from employers using any means that the Trustees find appropriate, including initiating an action in federal district court. (Sandy Decl. Ex. B at Art. V § 3(f); Art.

3

VII §§ 2, 3, 8.)  There is no evidence of intent to bind the Trustees to arbitration.  The Trustees are therefore free to bring their claim.

Defendant's arguments do not change this outcome.  Morris argues that the Pension Fund is the same entity as the Union and thus bound to the CBA.  That is simply wrong; the Pension Fund is a distinct entity.  The trustees of the Pension Fund are appointed by both the Union *and employers,* including Morris.  Article V of the Trust Agreement empowers the Pension Fund to collect contributions, set investment policies, and maintain pension assets as a fiduciary of the parties, not as an agent.  Unlike a union agent, employee benefit funds' trustees are statutorily required to remain loyal to their beneficiaries and not to the union.  *See generally NLRB v. Amax Coal Co.*, 453 U.S. 322, 331-32 (1980); *Sciss v. Metal Polishers Union Local 8A*, 562 F. Supp. 293, 294-95 (S.D.N.Y. Apr. 13, 1983).

Previously in a case before Judge Baer the Pension Fund sought to compel arbitration under the CBA.  What Plaintiff is permitted to do, however, does not mean that Morris may compel arbitration against the nonsignatory Pension Fund under the CBA.[1]  Certainly there is no estoppel arising from Plaintiff's prior acts.  Article VII of the Trust Agreement states that the Board of Trustees may "compel and enforce the payment of the contributions due in *any* manner which it may deem proper," and "may take *any* action necessary to enforce payment of the contributions including, but not limited to instituting proceedings at law or equity. . .".  Sandy Decl. Ex. B at Art. VII § 3, § 8 (emphasis added); *see, e.g.*, *Division 1181 Amalgamated Transit*

---

[1] Whether Plaintiff is a successor in interest does not change the analysis here of whether it should be bound to the arbitration clause as a nonsignatory. As already discussed, the Pension Fund was not an alter-ego or agent of the Union, and the Trust Agreement and CBA show no intent to bind the Pension Fund to arbitrate collection disputes.

*Union's New York Employees Pension Fund v. Minibus Service, Inc.*, 2009 WL 605807 at \*4 (E.D.N.Y. Mar. 9, 2009) ("In Burgess Steel, however, the issue was not whether an employer could compel a fund to arbitrate, but rather whether a fund could require an employer to arbitrate. The Court found that the Trust Agreement authorized the funds to select arbitration if they chose, and therefore the employer had no cause of action.") (citing *Burgess Steel Products Corp. v. Iron Workers Locals 40, 361 & 471 Union Security Funds*, 1999 WL 795481 (D.N.J. October 4, 1999)).

## CONCLUSION

Defendant's motion to compel arbitration is denied. The Clerk of Court is directed to terminate docket entry number six. The parties are directed to confer and submit a civil case management plan to this Court by November 22, 2013.


Dated: New York, New York                                    SO ORDERED

      November *4*, 2013


                                                  PAUL A. CROTTY
                                                  United States District Judge